UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMINE SLOAN, | ) | CASE NO.: 1:04CV2402 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | Magistrate Judge George J. Limbert |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM TANNER[1], Warden, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

The instant matter is before the undersigned on Respondent's motion to dismiss Petitioner's federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254 as a successive application under 28 U.S.C. § 2244. ECF Dkt. #9. Petitioner, pro se, has filed a response in opposition to Respondent's motion, arguing that he was not aware of a prior federal habeas corpus petition filed by counsel on his behalf in 2003. ECF Dkt. #10 at 2. For the following reasons, the undersigned recommends that the Court TRANSFER the instant petition to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

"Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court is without jurisdiction over a second or successive petition for habeas corpus in the absence of an order from the court of appeals authorizing its filing." *Worthy v. United States,* No.:

---

[1] Respondent states that the Warden of Pickaway Correctional Institution is not William Tanner, as designated by Petitioner, but Jim Erwin. ECF Dkt. #9. Petitioner asserts that Mr. Erwin recently became Warden at the Pickaway Correctional Institution and was not the Warden when he filed his current federal habeas corpus petition. ECF Dkt. #10 at 2.

1:98CV2631, 2005 WL 1126738, *3 (N.D.Ohio 2005), citing *Rumler v. Hemingway,* 171 F.Supp.2d 705, 711-12 (E.D.Mich.2001).  The relevant portion of 28 U.S.C. §2244(b) provides that, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."  *Sims,* 111 F.3d at 47.

In response to Respondent's motion to dismiss the instant petition, Petitioner states that he did not know that a prior federal habeas corpus petition had been filed on his behalf in 2003. ECF Dkt. #10 at 2.

The docket in Case Number 1:03CV2208 of *Benjamin Sloan v. Tanner* shows that a federal habeas corpus petition was filed pursuant to 28 U.S.C. § 2254 on October 30, 2003 and counsel for Petitioner signed the petition, but Petitioner's signature is absent from the document. ECF Dkt. #1 at 6 in Case Number 1:03CV2208.  United States District Court Magistrate Judge Vecchiarelli issued a Report and Recommendation on the federal habeas corpus petition recommending that the Court deny the petition as two of the five Grounds presented were procedurally defaulted and the other three Grounds were found to be meritless.  ECF Dkt. #16 at 4-16 in Case Number 1:03CV2208.  On November 30, 2004, United States District Court Judge Oliver adopted the Report and Recommendation as his own.  ECF Dkt. #18 in Case Number 1:03CV2208.

The Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, requires that a petitioner obtain permission in the United States Court of Appeals for the Sixth Circuit for an order authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3); *see also Lyons v. Ohio Adult Parole Authority,* 105 F.3d 1063, 1066 (6th Cir.), *cert. denied ,* 520 U.S. 1224, 117 S.Ct. 1724, 137 L.Ed.2d 845 (1997). When a petitioner files a second or successive petition for federal habeas corpus relief in the district court without authorization pursuant to § 2244(b)(3) from the Sixth Circuit Court of Appeals, this Court must transfer the documents(s) pursuant to 28 U.S.C. § 1631. *See In re Sims,* 111 F.3d 45, 47 (6th Cir.1997).

Here, Petitioner has not petitioned the Sixth Circuit Court of Appeals for permission to proceed with the instant petition. While Petitioner may have been unaware that a prior federal habeas corpus action had been filed on his behalf, Petitioner provides no legal support for a finding and the undersigned is unaware of any law finding that a petitioner's lack of knowledge of a prior filing of a federal habeas corpus petition by his counsel deems the first filed petition a nullity or elevates the status of the second or successive petition to that of an initial petition. Thus, Petitioner's prior federal habeas corpus petition, which included an adjudication on its merits, qualifies the current federal habeas corpus application as a "second or successive application" under 28 U.S.C. § 2244. Since this is a second or successive petition which is improperly filed in this Court, it is recommended that this Court transfer this matter to the Sixth Circuit for a determination by that Court as to whether Petitioner may proceed on his petition.

*Sims*, 111 F.3d at 47. Accordingly, the undersigned recommends that the Court direct the Clerk to TRANSFER the instant action to the United States Court of Appeals for the Sixth Circuit.

Dated: September 14, 2005             */s/George J. Limbert*
                                      GEORGE J. LIMBERT
                                      U.S. MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).